FILED
2014 Apr-01  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TAMMY BOYLES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:14-CV-132-VEH** |
| | ) | |
| **UNION SECURITY INSURANCE** | ) | |
| **COMPANY, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

This is a civil action filed by the plaintiff, Tammy Boles, "individually and as Personal Representative of the Estate of Brenda McClellan." (Doc. 1-1 at 1). The case was filed on December 16, 2013, in the Circuit Court of Etowah County, Alabama, against the defendants, Green Tree AL, LLC ("Green Tree") and Union Security Insurance Company ("Union"). (Doc. 1-1 at 1). Union, with the consent of Green Tree[1], removed the case to this court on January 22, 2014. (Doc. 1).

The case comes before the court on Green Tree's motion to dismiss, filed on January 27, 2014. (Doc. 7). The plaintiff has not responded to the motion.[2] For the

---

[1] Doc. 1 at 2, n. 2.

[2] The plaintiff's response to the motion was due 14 days after the motion was filed. (Doc. 5 at 23).

reasons stated herein, the motion will be **GRANTED**.

## I.    APPLICABLE STANDARDS

Green Tree states that the claims against it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because, as to it, the complaint fails to state a claim upon which relief may be granted.  It also states that the purported fraud claims contained in the complaint are not stated with the requisite degree of specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### A.    <u>Rule 12(b)(6)</u>

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has

been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The Plaintiff's failure to file any opposition does not automatically mean that the Motion is due to be granted. As explained by Judge Steele in *Branch Banking and Trust Co. v. Howard*, No. 12–0175–WS–N, 2013 WL 172903, *1 (S.D. Ala. Jan.

16, 2013):

> As noted, Churchill and Howard elected not to be heard in response to BB & T's Amended Motion to Dismiss. Notwithstanding that omission, BB & T (as Rule 12(b)(6) movant) bears the initial burden of demonstrating that it is entitled to dismissal of the counterclaims. Churchill's and Howard's lack of response to the Rule 12(b)(6) Motion does not trigger the kneejerk granting of such Motion on an abandonment theory. *See Gailes v. Marengo County Sheriff's Dep't*, 2013 WL 81227, *5 (S.D. Ala. Jan. 4, 2013) ("the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss"). Rather, it remains BB & T's burden as movant to establish its entitlement to relief under Rule 12(b)(6). In light of these circumstances, the Court scrutinizes BB & T's Motion to Dismiss in accordance with the following legal standard: "the Court will review the merits of the [movant]'s position and, if it is clearly incorrect or inadequate to satisfy the [movant]'s initial burden, will deny the motion despite the [nonmovant]'s failure to respond. If, however, the [movant]'s presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the [nonmovant] could have made but by silence elected not to raise." *Id.*

*Branch Banking*, 2013 WL 172903, *1 (footnotes omitted).

## B.   <u>Rule 9(b)</u>

Rule 9(b) requires that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). As the Eleventh Circuit has noted:

> The purpose of Rule 9(b)'s particularity requirement is to "alert[ ] defendants to the precise misconduct with which they are charged and protect[ ] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir.2001) (internal quotation marks omitted). The particularity

requirement, however, must be read in conjunction with Federal Rule of Civil Procedure 8's directives that a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a), and that "[e]ach averment of [the complaint] sh[ould] be simple, concise, and direct," *id.* R. 8(e)(1); *see also Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985) ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading" found in Rule 8.).

Thus, to comply with Rules 8 and 9(b), "some indicia of reliability must be given in the complaint to support the allegation of" fraud. *Lab. Corp. of Am.,* 290 F.3d at 1311. To that end, the "plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Id.* at 1310 (internal quotation marks omitted). Therefore, "pleadings generally cannot be based on information and belief." *Id.* (internal quotation marks omitted).

*Hill v. Morehouse Med. Associates, Inc.*, 02-14429, 2003 WL 22019936 at *3 (11th

Cir. Aug. 15, 2003).

## II.    ALLEGATIONS IN THE COMPLAINT

The complaint alleges:

1.      Plaintiff, Tammy Boles, formerly known as Tammy M. Green, is the daughter and only heir to Brenda E. McClellan, deceased. Plaintiff's home located at 1911 Macedonia Road, Gadsden, Alabama is mortgaged through Defendant, Green Tree AL L.L.C. (account number 517055703) Plaintiff's mother, Brenda E. McClellan, was a guarantor of that loan/mortgage.

2.      Defendant, Green Tree AL L.L.C., promoted, sold, solicited and serviced the purchase of Mortgage Accidental Death Insurance that was issued by Defendant, Union Security Insurance

Company, (Policy number ADD07557). This policy was issued to Brenda E. McClellan and represented by defendants as providing coverage that would pay off the existing loan/mortgage on this property in the event of a death caused by any injuries to the insured, Brenda E. McClellan. The policy was in full force and effect at all times pertinent herein.

3.      On or about, to wit: February 18, 2013, Brenda E. McClellan was admitted as a patient to Gadsden Regional Medical Center. During the course of that hospitalization, Brenda E. McClellan suffered an accidental fall while attempting to go to the restroom in the hospital room. The patient was a known fall risk patient but [was] left in a chair without attendance [sic] or a calling device when she suffered the fall. This accident caused her to suffer a subarachnoid hemorrhage and intraventricular bleed to her brain. This injury went without proper, timely diagnosis and treatment and the patient deteriorated until she died on March 3, 2013, from the injuries sustained in this accidental fall and lack of timely diagnosis and treatment.

4.      Plaintiff filed due and proper claim [sic] as the beneficiary of the policy of insurance made the basis of the suit. Defendant, Union Security Insurance Company denied this claim by letter dated July 2, 2013 stating that it had decided that this death was caused by natural causes and not by injuries from an accident.

5.      Plaintiff avers that Defendant, Union Security Insurance Company, has breached the provision and contractual obligation of the insurance policy made the basis of this suit in its refusal to pay the benefits of this policy which would pay off the loan/mortgage referred to above. Plaintiff made due and proper claim [sic] for this payment of her valid claim which has been denied in breach of the coverage provided and paid for under the term of the policy. As a proximate consequence thereof, Plaintiff has been caused to suffer financial loss by the non-payment that would pay off the loan/mortgage and she has suffered mental anguish as a result of this denial.

6.      Plaintiff further avers that Defendant, Union Security Insurance Company, has acted in bad faith in its failure to properly investigate the valid claim and to subject the results of any investigation to a reasonable and appropriate cognitive review. This Defendant has further acted in bad faith by its denial of this valid claim without a legitimate basis and contrary to the accidental cause of the death. As a proximate consequence of this intentional and wrongful bad faith, Plaintiff has been caused to suffer financial loss and mental anguish.

7.      Plaintiff further Avers that Defendants, jointly and severally, committed fraud, misrepresentation and deceit by intentionally and/or recklessly, negligently, [sic] representing that the purchase of this policy would assure that the outstanding balance on the loan/mortgage referred to above would be paid off in the event that Brenda E. McClellan were to suffer a death caused by accidental injuries. These representations in the solicitation and sale of this policy were false and Defendants knew or had reason to know of their falsity. Plaintiff and her mother relied upon these representations in detrimental reliance and purchased/paid for the insurance made the basis of this suit while such promised benefits have not been fulfilled. As a proximate consequence thereof, Plaintiff has suffered financial loss and mental anguish.

8.      Plaintiff further avers that the Defendants have combined in their actions and misrepresentations in soliciting, recommending and selling the policy made the basis of the suit and in a fraudulent and deceitful effort to induce the purchase of this insurance while knowing or having reason to know that it would not actually provide the benefits promised and represented. The policy was purchased in detrimental reliance and as a proximate consequence; [sic] plaintiff has suffered financial loss and mental anguish.

(Doc. 1-1 at 3-6).

7

## III.   ANALYSIS

The complaint alleges only two claims against Green Tree: fraud (doc. 1-1 at 5, ¶7), and civil conspiracy (doc. 1-1 at 5, ¶8).  The court will address each in turn.

### A.     The "Fraud" Claim Against Green Tree Must Be Dismissed

On its face, the complaint appears to allege fraud against Green Tree when it states:

> Defendants, jointly and severally, committed fraud, misrepresentation and deceit by intentionally and/or recklessly, negligently, [sic] representing that the purchase of this policy would assure that the outstanding balance on the loan/mortgage referred to above would be paid off in the event that Brenda E. McClellan were to suffer a death caused by accidental injuries.

(Doc. 1-1 at 5).  Importantly, there is no allegation that the defendants represented that they would sell the plaintiff one type of policy and then sold them another. Instead, the complaint alleges that the defendants sold them a policy that would pay benefits if McClellan died from an "accident."  The plaintiff claims that Union denied the claim because it determined that the McClellan's died of natural causes, not an "accident," as required for there to be coverage.  (Doc. 1-1 at 4).   The defendant argues that, in such a case, the action must sound in contract, not in tort.

The Alabama Supreme Court has written:

> The seminal Alabama case addressing this topic is *Hamner v. Mutual of Omaha Insurance Co.,* 49 Ala.App. 214, 270 So.2d 87 (Civ.1972). In

*Hamner,* the Court of Civil Appeals distinguished between nonfeasance, which may support an action only in contract, and misfeasance, which may support an action in tort. The court wrote:

> "There is little question ... that the line of distinction between actions in tort and [actions in] contract is thin and often nebulous in many instances. The courts of this State have recognized that under certain circumstances, for the breach of a contract there may be available either an action of assumpsit or [an action] in tort. *Wilkinson v. [Moseley],* 18 Ala. 288 [(1850)]; *Mobile Life Ins. Co. v. Randall,* 74 Ala. 170 [(1883)]; *Vines v. Crescent Transit Co.,* 264 Ala. 114, 85 So.2d 436 [(1955)]; *Garig v. East End Memorial Hospital,* 279 Ala. 118, 182 So.2d 852 [(1966)]. The theory on which the cases have been decided is often difficult to discern, but basically [it] may be stated that if there is [a] failure or refusal to perform a promise the action is in contract; if there is a negligent performance of a contractual duty or the negligent breach of a duty implied by law, such duty being not expressed in the contract, but arising by implication of law from the relation of the parties created by the contract, the action may be either in contract or [in] tort. In the latter instance, whether the action declared is in tort or [in] contract must be determined from the gist or gravamen of the complaint. *Basically, the line of division between [an action in contract and an action in] tort in such instances is [the line between] nonfeasance and misfeasance. If there is a defective performance there is a breach of contract and [there may also be] a tort.* [William L. Prosser, *The Law of Torts* (4th ed.1971) p. 614.]

> "Count Two of appellant's complaint attempts to charge a tort arising from a denial of a claim under a policy of insurance. Such [a denial], if wrongful, amounts only to a breach of a promise to perform and could only be complained of in an action for breach of contract.

*[National] Cas. Co. v. Thompson,* 38 Ala.App. 338, 84 So.2d 363 [(1955)].

"The manner or intent of such breach does not change the form of action, nor as a general rule, add damages not ordinarily recoverable in a breach of contract action. 84 A.L.R. 1346; *Western Union Tel. Co. v. Rowell,* 153 Ala. 295, 45 So. 73 [(1907)]; *Deavors v. Southern Exp. Co.,* 200 Ala. 372, 76 So. 288 [(1917)]; *Sloss–Sheffield Steel & Iron Co. v. Greek,* 211 Ala. 95, 99 So. 791 [(1924)]; *Vines v. Crescent Transit Co.,* 264 Ala. 114, 85 So.2d 436 [(1955)]. No cause of action in tort being available to plaintiff under the facts pleaded, the trial court did not err in sustaining [the] demurrer to Count Two."

49 Ala.App. at 218, 270 So.2d at 90–91 (emphasis added). But see *Blackburn v. Fidelity & Deposit Co. of Maryland,* 667 So.2d 661, 667–68 (Ala.1995); *Nat'l Sec. Fire & Cas. Co. v. Bowen,* 417 So.2d 179, 183 (Ala.1982) (stating elements of a claim alleging the tort of bad-faith failure to pay an insurance claim).

*Ex parte Certain Underwriters at Lloyd's of London*, 815 So. 2d 558, 562-63 (Ala. 2001) (emphasis in original).

Based on the authority cited, the "fraud" count is actually only a breach of contract claim. The complaint alleges no contract between the plaintiff and Green Tree. *See* doc. 1-1 at 3 (discussing the "policy of Mortgage Accident Death Insurance that was issued by Defendant, Union Security Insurance Company.") Accordingly, the claim appearing in paragraph 7 is due to be dismissed as to Green Tree. *See, Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002) (citing as an element

of a breach of contract claim "a valid contract binding the parties.").

Even if there was a fraud claim, the complaint fails to "plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Hill*, 2003 WL 22019936 at *3. For that reason, the claim is also due to be dismissed pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

Finally, to the extent that the complaint alleges a fraud claim on behalf of McClellan it is due to be dismissed also because her claim was not filed while she was alive, and "[u]nder the Alabama survival statute, § 6–5–462, Ala.Code 1975, an unfiled claim sounding in tort will not survive the death of the person with the claim[.]" *Brooks v. Hill*, 717 So. 2d 759, 763 (Ala. 1998) (citations omitted).[3]

### B.   With the Dismissal of the Fraud Claim, the Civil Conspiracy Claim Must Also Be Dismissed

The plaintiff alleges:

Defendants have combined in their actions and misrepresentations in soliciting, recommending and selling the policy made the basis of the suit and in a fraudulent and deceitful effort to induce the purchase of this insurance while knowing or having reason to know that it would not actually provide the benefits promised and represented. The policy was purchased in detrimental reliance and as a proximate consequence; [sic] plaintiff has suffered financial loss and mental anguish.

---

[3] In light of these findings, the court declines to analyze the other bases for dismissal cited by the defendant.

(Doc. 1-1 at 5-6).  To the extent that this is another fraud claim, it fails for the same reasons noted above.

To the extent this pargraph alleges a conspiracy to commit fraud, it fails because "[a] civil conspiracy cannot exist in the absence of an underlying tort." *Goolesby v. Koch Farms, LLC*, 955 So. 2d 422, 430 (Ala. 2006).  The court has already determined that paragraph 7 of the complaint alleges only a breach of contract claim, not a fraud claim.  This is true as to all defendants.  Upon the dismissal of the fraud claim, the civil conspiracy claim fails as well.[4]

## IV.   CONCLUSION

Based on the foregoing it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the defendant's motion is hereby **GRANTED**.  Defendant Green Tree is hereby **DISMISSED, without prejudice**.

**DONE** and **ORDERED** this 1st day of April, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4]  To the extent the plaintiff might contend that this paragraph, in some vague and ambiguous sense, alleges some other claim, it is due to be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).